# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR411-201 |
| | ) | |
| ZIMBABWE H. FIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Zimbabwe Fields was procured from state custody pursuant to a writ of habeas corpus *ad prosequendum* in August 2011 (docs. 5 & 10) until sentencing. *See* docs. 24 (guilty plea to one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j)) & 25 (sentence for 108 months' imprisonment). Fields was returned to state custody and there sentenced to "10 months & 3 days" for his probation revocation,[1] to be served concurrently with his federal sentence. *See* doc. 27-1. He remained in state custody for the duration of that sentence. *Id.* Some time after being transferred to federal custody to commence serving his federal sentence, Fields moved for an "order awarding jail time credit

---

[1] He had been on probation when he was arrested for possession of a firearm as a felon in June 2011. After his federal sentence was imposed and he was returned to state custody, the state revoked his probation and imposed a 10-month sentence for that revocation. *See* doc. 27 at 2.

for time spent while in federal custody" prior to sentencing (*i.e.*, from August 2011 through March 2012, when he was returned to state custody). Doc. 27 at 2-3. That motion was summarily dismissed for lack of jurisdiction, as the Bureau of Prisons has the exclusive authority to make those sort of sentencing calculations. Doc. 29; *see Rodriguez v. Lamar*, 60 F.3d 745, 746 (11th Cir. 1995).

Fields then moved under 28 U.S.C. § 2255 to vacate his sentence, arguing counsel was ineffective for "failing to move the sentencing court for concurrency of [his] federal/state sentence, or in the alternative, a sentencing adjustment[.]" Doc. 30. That motion was denied as untimely filed, *see* docs. 31, 34 & 35 (judgment); *see also* doc. 41 (order of the Court of Appeals denying Fields' motions for a certificate of appealability and leave to proceed *in forma pauperis* on appeal).

Four years later, he has moved in the alternative to have this Court credit him for time served, thus reconciling his federal and state sentence ledgers. Doc. 42. He argues that the time he spent in state custody was ordered "concurrent" to his federal sentence by the state judge, and thus his federal sentence should have kept running while he

was in state custody. *Id.* at 1.[2] Fields now seeks to challenge the execution of his federal sentence under 28 U.S.C. § 2241, asking this Court for a *nunc pro tunc* designation that his federal sentence commenced on the day he was sentenced, rather than the day he was returned to federal authorities after having served his state sentence. Doc. 42; *see United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241"). But this Court is not the proper forum for that claim.

Fields is incarcerated at the Big Sandy United States Penitentiary in Martin County, Kentucky. "Section 2241 petitions may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, (11th Cir. 1991) (emphasis added); *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir 2010) ("motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated." (quotes and cite omitted)); *Williams v. Rivera*, 2011 WL 7005735 at * 1 (S.D. Ga. Dec. 11, 2011) (collecting cases). Accordingly,

---

[2] It is not entirely clear that this is even what the state court ordered. *See* doc. 27-1 (attaching a copy of his state sentence that "the balance of [Fields'] probation in [state criminal case] (end date of November 3, 2016) is hereby TERMINATED.").

the Clerk is **DIRECTED** to **OPEN** a § 2241 case and then **TRANSFER** the case to the Eastern District of Kentucky. 28 U.S.C. § 97(a) (Martin County falls within the Eastern District). Fields' instant motion, as lodged on the criminal docket, is **MOOT**.

**SO ORDERED,** this  7th  day of March, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA